IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ASHLEY WARD SHEELEY                                            PLAINTIFF

v.                              CIVIL NO. 06-2149

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                 DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Ashley Ward Sheeley brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).

**Procedural Background:**

The application for DIB presently before this court was filed on June 23, 2004, alleging an inability to work since April 7, 2004, due to a seizure disorder, migraine headaches and a mood disorder. (Tr. 47-51). An administrative hearing was held on February 23, 2006. (Tr. 268-293). Plaintiff was present and represented by counsel.

By written decision dated May 22, 2006, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 15). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found plaintiff retained the residual functional capacity

(RFC) to perform light work provided that she avoid hazards. (Tr. 15). As a result of non-exertional limitations, the ALJ determined plaintiff maintained the capacity to perform only work where interpersonal contact is routine but superficial to the work performed; complexity of tasks is learned and performed by experience with several variables; judgment required is within limits; and where supervision required is little for routine but detailed from non-routine tasks. (Tr. 15). With the help of vocational expert testimony, the ALJ determined there were a significant number of jobs in the national economy that plaintiff could perform. (Tr. 14-15).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision by the Appeals Council was denied on August 8, 2006. (Tr. 2-4). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties filed appeal briefs and this case is before the undersigned for report and recommendation. (Doc. # 8,9).

**Evidence Presented:**

At the administrative hearing before the ALJ on February 23, 2006, plaintiff was twenty-five years of age. (Tr. 274). Plaintiff testified that she graduated from high school and was attending college courses at the time of the hearing. (Tr. 274). The record reveals plaintiff's past relevant work consists of work as a certified nurse assistant (CNA). (Tr. 275).

The medical evidence during the relevant time period reflects the following. On February 24, 2004, plaintiff entered the St. Edward Mercy Medical Center emergency room after experiencing another seizure at home and a migraine. (Tr. 143). Plaintiff reported with the exception of the headache she felt fine. Dr. Bruce Leroy Crabtree noted after consulting with

Dr. Janice M. Keating, plaintiff's treating physician, he gave plaintiff a little Ativan and morphine. Plaintiff was diagnosed with a seizure disorder and headache. Plaintiff was scheduled to undergo a video EEG.

In a letter dated April 22, 2004, Dr. Keating opined that the increase in frequency of plaintiff's migraine headaches and seizure episodes was due to increased stress. (Tr. 190). Dr. Keating recommended plaintiff decrease her stress load.

Dr. Keating completed a Treating Physician's Report For Seizure Disorder dated August 5, 2004, reporting that she last examined plaintiff on March 9, 2004. (Tr. 162). Dr. Keating opined plaintiff had approximately one seizure per month, the most recent being in July of 2004. Dr. Keating also reported that plaintiff had had only one seizure since the change of her medication in March of 2004.

Progress notes dated September 22, 2004, report plaintiff had been having more seizures than usual over the past three weeks. (Tr. 186). Plaintiff reported waking up and being unable to walk straight and that she walked into walls. Plaintiff denied experiencing headaches or visual disturbances. Upon examination, Dr. Charles H. Chalfant observed plaintiff's staggered gait and inability to walk straight. Plaintiff was diagnosed with ataxia and a seizure disorder. Dr. Chalfant noted that he talked to Dr. Keating and that she recommended plaintiff undergo a MRI and have blood work done. Dr. Chalfant instructed plaintiff to take it easy until Dr. Keating had read her test results.

Plaintiff underwent a mental status examination on September 29, 2004, performed by Kathleen M. Kralik, Ph.D. (Tr. 163). Plaintiff reported she experienced severe pain from migraine headaches once a week. (Tr. 163). Plaintiff reported an exacerbation of her seizure

3

disorder and reported her physician advised her to stop working until her condition stabilized. Plaintiff reported an extensive history of mental health treatment in the past but had been doing quite well for the past several years. Plaintiff reported her disability claim was based primarily on the epilepsy and associated migraines at her physician's urging. Plaintiff reported that she was told she could return to her job once her seizures were under control. (Tr. 164). Plaintiff reported that she attended college. Dr. Kralik reported that plaintiff had no problems with orientation when not having a seizure. (Tr. 166). Dr. Kralik reported that plaintiff's alleged depression did not seem to significantly cloud her thinking. (Tr. 166). Dr. Kralik noted plaintiff's long-term memory was fairly intact but her short-term memory and attention and concentration were impaired at times. Dr. Kralik noted that plaintiff did not have significant limitations in communication. (Tr. 167). Dr. Kralik reported that plaintiff's emotional status did not currently prevent her from working; however, she opined that plaintiff's physical status was problematic and caused a variety or restrictions to her daily living and occupational functioning. (Tr. 167). Dr. Kralik concluded that plaintiff's mental status was "neither a significant nor a definitive primary contributing factor to her disability status." (Tr.168).

On October 15, 2004, in a Treating Physician's Report For Seizure Disorder ,Dr. Keating noted plaintiff reported an increase of seizure activity in September of 2004, and a seizure episode on October 7, 2004. (Tr. 184). Dr. Keating noted after experiencing a seizure plaintiff experienced a severe headache and sleepiness. Dr. Keating indicated she adjusted plaintiff's medication on October 8, 2004. She reported plaintiff had not experienced a seizure after her medication adjustment through the date of the report.

4

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**Discussion:**

We first address the ALJ's assessment of plaintiff's subjective complaints. The ALJ was required to consider all the evidence relating to plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. As the United States Court of Appeals for the Eighth Circuit recently observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards v. Barnhart,* 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the record, we believe that the ALJ adequately evaluated the factors set forth in *Polaski*, and conclude there is substantial evidence supporting his determination that plaintiff's complaints were not fully credible. The testimony presented at the hearing as well as the medical evidence contained in the record are inconsistent with plaintiff's allegations of disability.

We first address plaintiff's alleged disabling seizures. The medical evidence shows plaintiff did report experiencing an increase in seizure activity in early 2004. The medical evidence shows plaintiff underwent testing and medication changes. In September of 2004, plaintiff reported experiencing an increase in seizure activity for the past three weeks. The medical evidence reveals plaintiff last reported experiencing a seizure occurrence on October 7, 2004. Dr. Keating reported that she adjusted plaintiff's medication on October 8, 2004. There is no indication that plaintiff sought treatment for break-through seizure activity after October of 2004. *See Johnston v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001) (holding that impairments controllable or amendable to treatment do not support a finding of total disability); *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995) (holding that a condition that can be controlled or remedied by treatment cannot serve as a basis for a finding of disability). While Dr. Keating did indicate plaintiff was experiencing one seizure a week in the form she completed on October 15, 2004, in that same form Dr. Keating indicated plaintiff reported experiencing a seizure in February of 2004, an increase in seizure activity in September of 2004 over a three week period of time and a seizure on October 7, 2004. Dr. Keating reported that she had not seen plaintiff since March 9, 2004. We note Dr. Keating's record is internally inconsistent as it indicates plaintiff experiences one seizure a week but also reports during the relevant time period plaintiff

reported an increase in seizure activity in September of 2004 and then one seizure on October 7, 2004. *Anderson v. Barnhart*, 344 F.3d 809, 813 (8th Cir. 2003) (holding that ALJ did not err in failing to credit treating physician's opinion because those opinions were inconsistent and not fully supported by medical evidence). As indicated above there is no indication plaintiff sought treatment for increased seizure activity since October of 2004.

Plaintiff testified that she was unable to seek treatment after every seizure due to the lack of finances. We would point out that despite reporting an inability to pay for medical care plaintiff was able to continue to purchase cigarettes. (Tr. 165). There is also no indication that plaintiff called in an increase in seizure activity to Dr. Keating's office as she had done in September of 2004. (Tr. 184). There is also no indication that plaintiff sought treatment for seizure activity but was denied treatment due to the inability to pay or that plaintiff attempted treatment at a free or low cost clinic. Plaintiff testified that she was aware of assistance programs as exemplified by her ability to receive assistance in obtaining her medication. (Tr. 281).

With regard to plaintiff's migraine headaches, there is no indication that plaintiff has sought treatment for headaches since October of 2004. *See Novotny v. Chater*, 72 F.3d 669, 671 (8th Cir. 1995) (per curiam) (failure to seek treatment inconsistent with allegations of pain). Furthermore, in September of 2004 plaintiff denied experiencing headaches. (Tr. 186).

Plaintiff testified that she also experiences side effects, including drowsiness and blurred vision, from her medication. While plaintiff did note some of these side effects in the paperwork that she completed with regard to her disability application (Tr. 105, 119), there is no medical evidence revealing these complaints to her treating examiners during the relevant time period. *Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004) (alleged side effects were properly

8

discounted when plaintiff did not complain to doctors that her medication made concentration difficult).

With regard to plaintiff's alleged mental impairments, the ALJ found plaintiff had mild restrictions of activities of daily living, moderate difficulties in maintaining social functioning and moderate deficiencies of concentration, persistence or pace. He also found plaintiff had no episodes of decompensation in work or work-like settings. A review of the record reveals plaintiff did not seek on-going and consistent treatment for a mental impairment during the relevant time period. *See Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability). Furthermore, in September of 2004, plaintiff reported an extensive history of mental health treatment in the past but had been doing quite well for the past several years. Plaintiff reported her disability claim was based primarily on the epilepsy and associated migraines at her physician's urging. Based on the record as a whole we find substantial evidence to support the ALJ's determination that plaintiff does not have a disabling mental impairment.

Plaintiff's subjective complaints are also inconsistent with evidence regarding her daily activities. In a Function Report dated September 12, 2004, plaintiff reported she was able to take care of her personal needs, with the exception of taking a bath alone; to clean and do laundry; to shop for food and household items; to watch television, read, play games on the computer daily, talk on the phone, play cards; to go to the park; and to attend class four days a week. (Tr. 96-103). At the hearing before the ALJ in February of 2006, plaintiff testified she was taking eleven hours of college courses. (Tr. 274). This level of activity belies plaintiff's complaints of pain and limitation and the Eighth Circuit has consistently held that the ability to perform such

activities contradicts a plaintiff's subjective allegations of disabling limitations. *See Polaski* at 1322; *Thurn v. Apfel*, 994 F.Supp 1156, 1167-68 (W.D. Mo. 1998) (substantial evidence supported ALJ's decision to discredit claimant's subjective complaints where claimant lived alone and maintained a full college course load with passing grades); *See Tindell v. Barnhart*, 444 F.3d 1002, 1005 (8th Cir. 2006) (ALJ properly considered that claimant had attended college classes during the relevant period of time); *See Hutton v. Apfel*, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities– making breakfast, washing dishes and clothes, visiting friends, watching television and driving-were inconsistent with claim of total disability).

Therefore, although it is clear that plaintiff has some limitations, she has not established that she is unable to engage in any gainful activity. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993) (holding that, although plaintiff did have degenerative disease of the lumbar spine, the evidence did not support a finding of disabled). Neither the medical evidence nor the reports concerning her daily activities support plaintiff's contention of total disability. Accordingly, we conclude that substantial evidence supports the ALJ's conclusion that plaintiff's subjective complaints were not totally credible.

We will next discuss the ALJ's RFC determination. It is well settled that the ALJ "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using

all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In finding plaintiff able to perform light work, the ALJ considered plaintiff's subjective complaints and the medical records of her treating and examining physicians. With regard to Dr. Keating's April of 2004 letter, the letter indicates Dr. Keating recommended plaintiff decrease her stress load not that plaintiff was unable to work. (Tr. 190). A review of the record does not reveal any medical evidence that would indicate plaintiff was unable to perform the RFC determined by the ALJ.. Therefore, based on all of the evidence contained in the file, we find substantial evidence supporting the ALJ's RFC determination.

Next, we look to the ALJ's determination that plaintiff could perform substantial gainful employment within the national economy. We find that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996). Accordingly, we find that the vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion that plaintiff

11

is not disabled as she is able to perform other work in the national economy. *See Pickney*, 96 F.3d at 296 (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**Conclusion:**

Based on the foregoing, we recommend affirming the ALJ's decision, and dismissing plaintiff's case with prejudice. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2007.

/s/  *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)